**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| LADARIOUS DOWNS,<br><br>　　　　　　Plaintiff,<br><br>　　v.<br><br>LOS ANGELES SHERIFF'S DEPARTMENT, et al.,<br><br>　　　　　　Defendants. | Case No. 2:23-cv-02271-PA (PVC)<br><br>**ORDER ACCEPTING FINDINGS AND RECOMMENDATIONS OF UNITED STATES MAGISTRATE JUDGE** |

　　　　Pursuant to 28 U.S.C. § 636, the Court has reviewed the Second Amended Complaint, the records herein, and the Report and Recommendation of the United States Magistrate Judge ("Report"). Further, the Court has engaged in a *de novo* review of those portions of the Report to which objections have been made.

　　　　The Report recommends dismissal of Plaintiff's Second Amended Complaint with leave to file a Third Amended Complaint that is limited to four claims. (ECF No. 25.) For the following reasons, Plaintiff's Objections to the Report (ECF No. 28) do not warrant a change to the Report's findings or recommendation.

　　　　Plaintiff objects that he has a cognizable retaliation claim. (ECF No. 28 at 3-4.) As the Report found, however, Plaintiff's has not provided enough allegations

to give rise to a plausible claim of retaliation. (ECF No. 25 at 17.) Plaintiff's objection does not overcome this finding.

Plaintiff objects that he has a cognizable claim of denial of access to the courts, based on seizure of his legal materials. (ECF No. 28 at 4.) As the Report found, however, to the extent this claim implicated Plaintiff's ability to mount a viable criminal defense, it likely is barred by *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994). (ECF No. 25 at 18.) Plaintiff objects that his claim implicates, instead, his criminal appeal and civil rights actions. (ECF No. 28 at 4.) This objection does not overcome the Magistrate Judge's warning to Plaintiff that he must identify a "(1) a nonfrivolous underlying claim that was allegedly compromised 'to show that the "arguable" nature of the claim is more than hope'; (2) the official acts that frustrated the litigation of that underlying claim; and (3) a 'remedy available under the access claim and presently unique to it' that could not be awarded by bringing a separate action on an existing claim." (ECF No. 18 at 17 (quoting *Christopher v. Harbury*, 536 U.S. 403, 416 (2002).) Plaintiff has not provided such allegations.

Plaintiff objects that, for his state law claims, he complied with the administrative exhaustion requirement of the California Government Claims Act ("CGCA"). (ECF No. 28 at 5.) This objection does not overcome the Report's finding that, "[e]ven assuming that the claims were submitted to the proper entity, Plaintiff does not describe the claims' substance, so it is not possible on this record to determine whether the claims alleged are fairly encompassed by his CGCA submission, or whether they included a demand for a sum certain." (ECF No. 25 at 28.)

Plaintiff objects that he has a cognizable claim for conspiracy. (ECF No. 28 at 5-6.) To the contrary, as the Report found, "Plaintiff does not allege that there was an agreement or meeting of the minds to violate his constitutional rights." (ECF No. 25 at 26.)

In sum, Plaintiff's objections are overruled.

IT IS ORDERED that (1) the Report and Recommendation is accepted and approved; and (2) the Second Amended Complaint is dismissed with leave to file a Third Amended Complaint that is limited to the four claims identified in the Report.

.

DATED: June 18, 2024

                                    PERCY ANDERSON
                          UNITED STATES DISTRICT JUDGE