# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| LADARIUS DOWNS,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>LOS ANGELES SHERIFF'S<br>DEPARTMENT, et al.,<br><br>　　　　　Defendant. | Case No. CV 23-2271 PA (PVC)<br><br>**ORDER ACCEPTING FINDINGS, CONCLUSIONS, AND RECOMMENDATIONS OF UNITED STATES MAGISTRATE JUDGE** |

　　　　Pursuant to 28 U.S.C. § 636, the Court has reviewed the Second Amended Complaint in the above-captioned matter, all the records and files herein, and the Report and Recommendation of the United States Magistrate Judge. After having made a *de novo* determination of the portions of the Report and Recommendation to which Objections were directed, the Court concurs with and accepts the findings and conclusions of the Magistrate Judge.

　　　　IT IS ORDERED THAT: (1) the Second Amended Complaint is DISMISSED WITH PREJUDICE; and (2) Plaintiff is given 30 days in which to file a Third Amended Complaint which alleges only the four claims identified below against the appropriate Individual Defendants in their individual capacities.

The Third Amended Complaint should be limited to repleading (1) a Fourteenth Amendment claim of objective indifference to serious medical needs during pretrial detention against the Individual Defendants, in their individual capacities, who were allegedly involved in the pepper spray incident related to Plaintiff's alleged asthma attack on May 25, 2021; (2) a Fourteenth Amendment due process claim against the Individual Defendants, in their individual capacities, allegedly involved in intentional use of pepper spray on Plaintiff with knowledge of his pre-existing asthmatic condition; and (3) two Eighth Amendment claims of cruel and unusual punishment, arising on September 10, 2021, after Plaintiff's conviction (but at LACJ before his transfer to CACD). The first Eighth Amendment claim should be alleged against the Individual Defendants, in their individual capacities, who were involved in misuse of the WRAP device (i.e., the individuals who allegedly stripped him naked, handcuffed him, and dragged him on the ground—actions that allegedly resulted in injury to his hands). The second Eighth Amendment claim should be alleged against only Defendant Garcia, in his individual capacity, for allegedly beating Plaintiff while he was lying on the ground and restrained in the WRAP.

The Clerk shall serve copies of this Order on Plaintiff at his address of record and on counsel for Defendants. Plaintiff's Third Amended Complaint shall be filed within thirty (30) days of the date of this Order.

IT IS SO ORDERED.

DATED: June 27, 2024

PERCY ANDERSON
UNITED STATES DISTRICT JUDGE